IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

KENNETH ORVIN LIPPITT, JR.,

      Petitioner,　　　　　　　　　　　　　　　　　　OPINION AND ORDER

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　15-cv-440-wmc

J. OLIVER, Warden,

      Respondent.
---

      Petitioner Kenneth Lippitt seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that recent changes in drug laws require him to be released from federal custody. While Lippitt has been released from prison, he currently is under supervised release, and thus still considered to be in custody for purposes of his petition. *See United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001). After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case is subject to dismissal for reasons set forth below.

BACKGROUND

      On September 5, 1995, Lippitt pled guilty in this court to the charge that he conspired to manufacture a Schedule II controlled substance. Prior to his plea, he had signed a waiver of rights under the interstate agreement on detainers and was returned to state custody. He was sentenced on December 1, 1995, and resentenced on May 19, 1998. *United States v. Lippitt*, No. 3:95-cr-36-jdp, dkt. #239 (W.D. Wis. May 19, 1998). At sentencing, the court concluded that he qualified as a career offender under U.S.S.G. § 4B1.1 because he was over the age of

1

18 when he committed the offense; the offense was a felony and a controlled substance offense; and he had at least two prior convictions of either a crime of violence or controlled substance offense. Among his prior convictions were a conviction for possession with intent to deliver a controlled substance, a robbery conviction and four different convictions for burglary of a residence. *Id.*, dkt. #169, at 7.

Prior to filing the currently pending motion to vacate, Lippitt filed two petitions under 28 U.S.C. § 2255, and both were denied. In 1998, his § 2255 motion was denied because at the time he filed the motion, he was also appealing the order resentencing him, and he had not shown that extraordinary circumstances justified the court addressing that motion. *Lippitt v. United States*, No. 98-cv-388-jcs (W.D. Wis. Aug. 5, 1998).

In 2000, Lippitt filed another motion to vacate under § 2255, which was also denied. *Lippitt v. United States*, No. 00-cv-449-jcs (W.D. Wis. Sept. 27, 2000). In that petition, Lippitt argued that his counsel was ineffective for failing to investigate a defense under the Interstate Agreement on Detainers Act ("IAD"). The court rejected that argument because he had no IAD claim, and he had not shown that the outcome would have been different if he had been represented by other counsel.

More recently, in 2015, Lippitt sent two letters to the sentencing court, in which he stated that he learned that new career offender guidelines would be effective in November of 2015, and that he believed that change made him eligible for a reduction in his sentence. *Lippitt*, No. 3:95-cr-36-jdp, dkts. #295, #296. He stated that because he sat in civil contempt for three and a half years, the change in the law should make him eligible for release. The court

construed his letter as a request for reduction in sentence under 18 U.S.C. § 3582(c)(2), and dismissed it on July 20, 2015, because at the time he was sentenced, Lippitt qualified as a career offender and the amendments to the sentencing guidelines did not affect the career offender guidelines. *Id.*, dkt. #297.

OPINION

Lippitt's pending § 2241 petition similarly seeks relief based on the 2015 changes in drug laws and the extended period of time he spent in civil contempt custody of court prior to serving his sentence. He seeks release from custody because he claims that his drug sentence has already been served and because new drug laws should not exclude career offenders.

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, there is a limit to the number of collateral attacks a prisoner may bring, and petitioner has filed at least one § 2255 motion regarding his sentence. In particular, a second or successive collateral attack is permissible only if the court of appeals certifies that it rests on newly discovered evidence (which petitioner's does not) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Section § 2255(e) allows a federal prisoner to "petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To satisfy §

2255(e), a prisoner must show three things: (1) his petition is based on a rule of statutory law; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). *See also Webster v. Caraway*, 761 F.3d 764, 767 (7th Cir. 2014) ("When a change of law, retroactively applicable, shows that the prisoner did not commit a crime or has received an illegally high sentence, § 2241 is available if it otherwise would be impossible to implement the Supreme Court's intervening decision."). As petitioner recognizes, a petition under § 2241 must be brought in the district in which the prisoner is confined rather than the district in which the prisoner was sentenced. *Light*, 761 F.3d at 812.

Lippitt does not get the benefit of the savings clause because he has not cited a new case that would support his request for release. Accordingly, Lippitt is not entitled to use § 2241 as a means to circumvent the fact that he is foreclosed from proceeding on another § 2255 petition without approval from the Seventh Circuit.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

4

322, 336 (2003) (internal quotations and citations omitted). In this case, reasonable jurists would not disagree that Lippitt is not entitled to relief, so no certificate will issue.

ORDER

IT IS ORDERED THAT:

1. Petitioner Kenneth Lippitt's habeas corpus petition is DENIED and this matter is DISMISSED.
2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 22nd day of September, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge